J-S02032-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCO ANTONIO FLORES-GIL | : | |
| | : | |
| Appellant | : | No. 1225 EDA 2024 |

Appeal from the PCRA Order Entered March 28, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0003992-2021

BEFORE: LAZARUS, P.J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED MAY 6, 2025**

Marco Antonio Flores-Gil appeals *pro se* from the order denying his Post Conviction Relief Act ("PCRA") petition. *See* 42 Pa.C.S.A. §§ 9541-9546. Flores-Gil argues his trial counsel and PCRA counsel provided ineffective assistance, his guilty plea was entered unknowingly and involuntarily, and the trial court erred in denying his motion to suppress. We affirm.

Flores-Gil was a passenger in a vehicle in March 2021 that was stopped and searched by Pennsylvania State Troopers. The troopers recovered over four pounds of fentanyl from the vehicle. The Commonwealth charged Flores-Gil with possession with intent to deliver a controlled substance (fentanyl). *See* 35 P.S. § 780-113(a)(30). Flores-Gil's trial counsel filed a motion to suppress, which the trial court denied after a hearing.

Flores-Gil later pleaded guilty. The court sentenced him to four to eight years' incarceration. He did not file a direct appeal.

Flores-Gil filed the instant, timely PCRA petition, *pro se*, and the court appointed counsel. PCRA counsel filed a motion to withdraw and a **Turner/Finley**[1] "no merit" letter. At a hearing, counsel explained his conclusion that the PCRA petition lacked merit. No testimony was taken and no evidence was presented at the hearing. The court issued notice of its intent to dismiss the PCRA petition without an evidentiary hearing. **See** Pa.R.Crim.P. 907. Flores-Gil submitted a *pro se* response to the court's Rule 907 notice, raising claims that PCRA counsel was ineffective.[2] The court granted counsel leave to withdraw and dismissed the petition. Flores-Gil filed a *pro se* notice of appeal.

Flores-Gil raises the following issues:

1) Was counsel ineffective in that he coerced [Flores-Gil] to enter the plea of guilty when [Flores-Gil] did not know the English language?

2) Was PCRA counsel ineffective for not allowing [Flores-Gil] to give the court testimony that his plea was not entered knowingly, intelligently, during the evidentiary hearing as he was arguing the enforceable right to counsel under **Commonwealth v. Bradley**[?]

---

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[2] The response was dated March 22, 2024, but was not docketed until April 9, 2024 – after the court dismissed the petition. The certified record contains an envelope bearing a franking date of April 6, 2024. The envelope appears to have been the one Flores-Gil used to mail his Rule 907 response to the court. However, the certified record contains nothing specifically purporting to evidence the date on which Flores-Gil gave the response to prison officials for mailing.

3) Did the court [abuse] its discretion when denying [Flores-Gil's] motion to sup[p]ress the evidence as he was a mere passenger and there was insufficient evidence to convict him?

4) Was not . . . the arrest of [Flores-Gil] illegal in that an unconstitutional vehicle stop the Fourth Amendment did not require him to demonstrate a reasonable expectation of privacy in light of *Commonwealth v. Shabezz*, 166 A. 3d 278, (2017)[?]

Flores-Gil's Br. at 2 (capitalization regularized).

Our standard of review is as follows.

When reviewing the denial of PCRA relief, we consider whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Midgley*, 289 A.3d 1111, 1118 (Pa.Super. 2023) (quotation marks and citation omitted). We apply a *de novo* standard of review to the PCRA court's legal conclusions, and we may affirm on any legal basis. *Commonwealth v. Howard*, 285 A.3d 652, 657 (Pa.Super. 2022).

Flores-Gil's first issue states this his trial counsel provided ineffective assistance by allegedly coercing Flores-Gil to plead guilty, when Flores-Gil does not speak English. However, in the argument section for this issue, Flores-Gil asserts that counsel was ineffective for "coercing" him to plead guilty, because the search was unconstitutional.[3] This divergence violates the

_____

[3] Flores-Gil asserts that his consent to search the vehicle was invalid because he did not understand English and because he had not been read his *Miranda* rights, and that the Commonwealth could not make out its case of constructive possession, when he was merely a passenger in the vehicle. *See* Flores-Gil's Br. at 10-15; *see also* PCRA Pet., 1/9/24, at 6 (claiming, "The Plea of Guilty was unlawfully induced and caused petitioner to plead guilty and the petitioner is innocent as he was a passenger and was not given his *Miranda* rights").

Rules of Appellate Procedure. *See* Pa.R.A.P. 2101, 2116, 2119. In any event, neither issue merits relief.

"Counsel is presumed to be effective." *Midgley*, 289 A.3d at 1119. To overcome this presumption, and prove counsel was ineffective, a petitioner must plead and prove: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). The prejudice prong requires the petitioner to show "that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness." *Commonwealth v. Chmiel*, 30 A.3d 1111, 1127-28 (Pa. 2011). "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of [the] petitioner's claim." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super. 2010).

In the context of a guilty plea, the petitioner must prove that counsel's ineffectiveness resulted in the entry of an involuntary or unknowing plea. *Midgley*, 289 A.3d at 1119. Where the defendant enters his plea on the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa.Super. 2002) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)). The petitioner bears the burden of pleading and proving that there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have

insisted on going to trial." ***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa.Super. 2013) (citation omitted).

During the entry of a guilty plea, the trial court must conduct a colloquy to "demonstrate that the defendant understood what the plea connoted and its consequences." ***Commonwealth v. Bedell***, 954 A.2d 1209, 1212 (Pa.Super. 2008) (citation omitted). The court may supplement the oral colloquy with a written colloquy that the defendant read and signed. ***Id.*** at 1212-13. In determining whether the defendant's plea is knowing and voluntary, the court "is free to consider the totality of the circumstances surrounding the plea." ***Id.*** at 1212 (citation omitted). A defendant is bound by the statements he makes during his plea colloquy and may not later contradict those statements to undermine the validity of his plea. ***Commonwealth v. Jabbie***, 200 A.3d 500, 506 (Pa.Super. 2018).

Flores-Gil's claim that he did not understand English at the time of his plea is waived because he did not include it in his PCRA petition. Rather, in the petition, Flores-Gil more generally claimed that "his plea was not knowingly, voluntarily and intelligently entered when his counsel coerced him to enter the plea of guilty" and that his plea was invalid because "the judge did not conduct a separate inquiry on the record to determine that he understood and accepted the terms of [the] plea agreement." PCRA Pet. at 8, ¶¶ 3, 5.

Even if it were not waived, it is belied by the record. The transcript of the guilty plea proceedings shows that the court provided Flores-Gil with a Spanish-speaking interpreter:

> THE COURT: Okay. Can you read, write and understand the Spanish language?
>
> [Flores-Gil]: Yes.
>
> THE COURT: You are utilizing the services of an interpreter. Can you understand her clearly?
>
> [Flores-Gil]: Yes.

N.T. 1/31/23, at 4. Flores-Gil also executed a Spanish-language written guilty plea colloquy. *See* Coloquio de Declaración de Culpabildad, 1/31/23, at 1-10. He testified that he reviewed the written colloquy with counsel. N.T., 1/31/23, at 5. He has at no time challenged the Spanish-language colloquy form.

Furthermore, while Flores-Gil baldly alleges counsel "coerced" his guilty plea, he has not identified any coercive statements made by counsel. Moreover, Flores-Gil testified during the plea colloquy that he was satisfied with counsel's representation and that no one had forced him to enter the plea. *Id.* at 6-7. He is bound by these statements. Furthermore, he stated in the guilty plea colloquy form that he was entering the plea of his own free will. Coloquio at 8, ¶ 35.[4] The PCRA accordingly concluded that "the record reflects that [Flores-Gil] knowingly, intelligently, and voluntarily accepted the offer

_____

[4] Each line of the Spanish colloquy has an English translation underneath it.

extended by the Commonwealth on January 31, 2023." Opinion, filed March 28, 2024, at 4.[5] The court noted it

> conducted an extensive verbal guilty plea colloquy with [Flores-Gil]. During [Flores-Gil]'s oral plea colloquy, [Flores-Gil] acknowledged the terms of his plea agreement and indicated that he understood the rights that he had and the rights that he would be giving up by entering the guilty plea. Additionally, [Flores-Gil] indicated that he understood the possible maximum sentence that could be imposed on the charge as set forth by the [c]ourt; posed no questions to the [c]ourt; articulated that no one was forcing or threatening him to plead guilty; testified that no promises were made to him other than the plea agreement; indicated that he had sufficient time to speak with his attorneys and that he was satisfied with them; and acknowledged the facts as set forth by the prosecutor.

*Id.* at 4-5. We agree that the record reflects that Flores-Gil's guilty plea was entered knowingly and voluntarily. His claim that counsel "coerced" his plea is contrary to his binding statements during the plea colloquy.

Flores-Gil has not argued that counsel was ineffective in advising him to plead guilty rather than appeal the suppression issue. He has not asserted that counsel provided any advice in connection with his guilty plea that was not "within the range of competence demanded of attorneys in criminal cases." *Hickman*, 799 A.2d at 141 (citation omitted). Nor does Flores-Gil assert that he was uninformed that by pleading guilty, he was forgoing his right to appellate review of the court's denial of his motion to suppress. Such a claim would fail because in the written colloquy, Flores-Gil acknowledged that after entering a guilty plea he could only appeal on the basis that (1) "the guilty

---

[5] The PCRA court's Rule 1925(a) opinion refers this Court to this opinion, filed at the time it dismissed Flores-Gil's PCRA petition.

plea was not made voluntarily or you did not understand what you were doing when you pleaded guilty," (2) "the court could not accept your guilty plea because the crime or crimes did not occur in Lehigh County," or (3) "the Judge's sentence is unlawful or improper." Coloquio at 6, ¶ 26. Flores-Gil is bound by his guilty plea and cannot relitigate the merits of his suppression motion here.

In his second issue, Flores-Gil argues his PCRA counsel was ineffective in three ways: failing to obtain a translator for him for the PCRA hearing; abandoning his underlying ineffectiveness claims; and failing to have him testify at an evidentiary hearing to substantiate his claim that his guilty plea was unknowing or involuntary.

Flores-Gil's claim that PCRA counsel was ineffective for failing to provide an interpreter during the PCRA hearing lacks merit. He maintains that during the PCRA hearing he asked PCRA counsel and the court for a translator and was denied. At the hearing on counsel's motion to withdraw – which was not an evidentiary hearing – counsel informed the court that an interpreter had read the no-merit letter to Flores-Gil. N.T., 3/5/24, at 4. The court then asked Flores-Gil if he had any questions. Flores-Gil stated, "Well, I do understand that the attorney's not taking my case, that in the next few weeks or months, I want to research and find more information about this." *Id.* at 5. Flores-Gil also thanked the court for "giving [him] the opportunity to be here," asked if he would receive "any type of paperwork about all this," and stated he would "research more information." *Id.*

The transcript of the hearing does not show that Flores-Gil asked the court for an interpreter or that the court refused to supply one. Nor did his response to the Rule 907 notice claim that he needed an interpreter for the hearing. Moreover, Flores-Gil has never asserted that he did not comprehend the proceeding, which we reiterate was not an evidentiary hearing. Rather, during the hearing, counsel explained his opinion that the PCRA petition was meritless. Afterward, the court took the matter under advisement, issued Rule 907 notice, and afforded Flores-Gil an opportunity to respond to the 907 notice. This claim lacks merit.

Flores-Gil's other claims of PCRA counsel ineffectiveness are equally unavailing. "[T]here is no absolute right to an evidentiary hearing on a PCRA petition." *Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa.Super. 2019) (citation omitted) Rather, "if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Id.* (citation omitted). Because the record was sufficient for the court to dispose of Flores-Gil's claim that his plea was involuntary or unknowing, the court was not required to hold an evidentiary hearing. His PCRA counsel was therefore not ineffective for failing to seek to present Flores-Gil's testimony at an evidentiary hearing. "Counsel will not be deemed ineffective for failing to raise a meritless claim." *Commonwealth v. Spotz*, 896 A.2d 1191, 1210 (Pa. 2006).

In his third and fourth issues, Flores-Gil argues that the trial court erred in denying his motion to suppress. We will not review the merits of Flores-Gil's

motion to suppress. A direct challenge to a suppression ruling is not cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2). Flores-Gil's guilty plea also precluded his raising the issue on direct appeal.

> It is well settled that a plea of guilty amounts to a waiver of all non-jurisdictional defects and defenses. A defendant may generally only appeal matters concerning the jurisdiction of the court, the validity of the guilty plea, and the legality of the sentence. Additionally, when a defendant pleads guilty without an agreement as to the sentence, he may challenge the discretionary aspects of the sentence imposed.

*Commonwealth v. Brown*, 240 A.3d 970, 972 (Pa.Super. 2020) (citations omitted). The PCRA court did not err in denying Flores-Gil's petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/6/2025

- 10 -